## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 15-CR-154-JED** |
| **v.** | ) | |
| | ) | |
| **THOMAS MONGRAIN EAVES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION AND ORDER</u>

Before the Court is the defendant's Motion in Limine to Exclude Statements Alleging Prior Domestic Abuse (Doc. 29) and defendant's Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Doc. 55).  In substance, defendant seeks a pretrial ruling with regard to two broad categories of evidence he seeks to exclude.

I.     **Defendant's Motion in Limine to Exclude Statements Alleging Prior Domestic Abuse (Doc. 29)**

Defendant's Motion seeks to prevent two sources of statements alleging domestic abuse by defendant: (1) admission of statements in Starr Pennington's ("Pennington") medical records related to domestic abuse, and (2) Pennington's statements to family members alleging that she was subject to domestic abuse by defendant.  (Doc. 29 at 1).  The government submitted a Response. (Doc. 33).

As to the first category of evidence, defendant refers to nine medical reports detailing Pennington's visits to clinics or emergency rooms during the year before her death that were produced by the government in discovery.  Defendant states that Pennington was intoxicated during almost all of her visits.  (Doc. 29 at 2).  The medical records reflect that during these visits, Pennington complained of abdominal pain, stomach pain, constipation, vomiting, urinary

tract infections, acute alcohol intoxication, and jaw pain. (Doc. 29 at 2). On three different visits, Pennington implied that she was a victim of domestic abuse: on October 4, 2014 she informed a social worker that she did not feel safe going home; on February 17, 2015, she told medical personnel that she had been assaulted by her ex-fiancé; and on April 13, 2015, she reported that she was abused by her boyfriend in Tulsa and showed bruising on her legs, arm, and above her eye. (Doc. 29 at 2-3).

The second category of evidence consists of statements Pennington made to her family members, specifically, her sister, brother, and mother. Pennington's sister told FBI agents that she heard that defendant was verbally abusive, that he had broken Pennington's ribs a few weeks before her death, and broken her jaw over a year prior to her death. (Doc. 29 at 3). Pennington's brother informed FBI agents that Pennington told him defendant had beaten her "real bad," and that he was controlling and verbally abusive. (*Id.*). Pennington's mother told FBI agents that Pennington told her that she had to visit the hospital twice in 2015 because defendant had beat her. Pennington's mother also said that her daughter frequently suffered broken ribs and complained about her ribs hurting. (*Id.*).

Defendant argues that both categories of evidence are testimonial hearsay barred by the Confrontation Clause, or in the alternative, are inadmissible hearsay. Defendant contends that these statements constitute improper evidence under Fed. R. Evid. 404(b)[1] and are also unduly prejudicial under Fed. R. Evid. 403. Each of defendant's bases for exclusion is discussed in turn.

---

[1] The Court finds the 404(b) argument premature, as it was brought prior to the government's filing of its Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 404(b) (Doc. 32). Defendant later objected to the Notice of Intent. (Doc. 54). The 404(b) issue is thus addressed in the Court's ruling on the government's Notice of Intent, in which the government has provided the Court with the specific evidence regarding domestic abuse that it seeks to introduce.

## A.   Confrontation Clause

Defendant argues that the statements related to domestic abuse in Pennington's medical records and to her family members are barred under the Sixth Amendment.  (Doc. 29 at 4).  The government responds that Pennington's statements are not testimonial and thus the Confrontation Clause does not apply.  (Doc. 33 at 3-4).

The Confrontation Clause prohibits the introduction of testimonial statements by a non-testifying witness unless (1) the declarant is unavailable at trial and (2) where the defendant had a prior opportunity to cross-examine the declarant.  *Crawford v. Washington*, 541 U.S. 36, 59 (2004).  "A formal statement is testimonial if a reasonable person in the position of the declarant would objectively foresee that the primary purpose of the statement was for use in the investigation or prosecution of a crime."  *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010).  Thus, a "formal statement to government officers" is testimonial whereas "a casual remark to an acquaintance" is not.  *Crawford*, 541 U.S. at 51.  The Court agrees with the government that Pennington's statements to medical personnel were nontestimonial as they were made with the sole purpose of providing information for medical diagnosis and treatment. Likewise, Pennington's statements to her family are akin to a "casual remark" to an acquaintance and are also nontestimonial in nature.  *See Crawford*, 541 U.S. at 51.  There is no sign of any presence of government officers when Pennington made these statements and, importantly, a person in Pennington's position would not "objectively foresee" that the primary purpose of her statements were for use in the investigation or prosecution of a crime.

Defendant cannot demonstrate that the Confrontation Clause applies here.

**B.  Hearsay**

In the alternative, Defendant argues that if the Court determines that the statements are nontestimonial, they are inadmissible hearsay. (Doc. 29 at 6).  The government responds that the statements are admissible as they fall under recognized exceptions to the rule against hearsay, specifically Fed. R. Evid. 803(3) and Fed. R. Evid. 803(4).  (Doc. 33 at 2-3).

Hearsay is defined as any out of court statement offered in evidence to prove the truth of the matter asserted and is generally inadmissible.  Fed. R. Evid. 801(c), 802.  Rule 803(3) creates an exception from the hearsay rule for statements of the declarant's "then-existing state of mind . . . or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)." Fed. R. Evid. 803(3).   Rule 803(4) recognizes a hearsay exception for statements made for, and reasonably pertinent to, medical diagnosis or treatment, which describe medical history, past or present symptoms or sensations, their inception, or their general cause.  Fed. R. Evid. 803(4).

It is clear that the first category of statements defendant seeks to exclude fall under either Fed. R. Evid. 803(3) or Fed. R. Evid. 803(4).   The two statements made by Pennington referencing defendant occurred in the course of obtaining medical diagnosis or treatment, and each statement describes the inception or general cause of Pennington's symptoms or sensations – the alleged domestic abuse.   Moreover, in cases of domestic abuse, a physician "generally must know who the abuser was in order to render proper treatment because the physician's treatment will necessarily differ when the abuser is a member of the victim's family or household." *United States v. Joe*, 8 F.3d 1488, 1494-95 (10th Cir. 1993).  Thus, Pennington's statements identifying her abuser to medical providers are statements "reasonably pertinent" to her treatment and admissible under Rule 803(4).  Moreover, Pennington's statement to the social

worker indicating her fear of returning home also falls under the Rule 803(3) exception as a statement of her then-existing state of mind.

Finally, the second category of statements—those from Pennington to her family members regarding her pain, symptoms, and treatment—are also admissible under Rule 803(3) as statements of Pennington's then-existing state of mind.  Defendant's argument as to hearsay therefore fails.

### C.  Fed. R. Evid. 403

Lastly, defendant contends that admission of Pennington's statements will be unfairly prejudicial, as the statements may lead the jury to believe defendant has a propensity for violence that makes it likely he committed the crime, and that the statements will also provoke considerable emotion from the jury.  (Doc. 29 at 10-11).  The government made no response to this argument.

Rule 403 of the Federal Rules of Evidence allow a court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of one of more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Defendant relies on *United States v. Rodriguez*, 192 F.3d 946 (10th Cir. 1999) to suggest that evidence that provokes an emotional response in the jury or adversely affects the jury's attitude toward the defendant is inadmissible under Rule 403. (Doc. 29 at 10).  However, the complete text of the sentence in *Rodriguez* reads that such a response is improper where it is "wholly apart from [the jury's] judgment as to [the defendant's] guilt or innocence of the crime charged."  *Rodriguez*, 192 F.3d at 951.  That is not the case here. Although the Court recognizes Pennington's statements carry a risk of prejudicing defendant, the Court finds that the probative value of the statements is not *substantially* outweighed by the risk.

5

Defendant's Motion in Limine to Exclude Statements Alleging Prior Domestic Abuse (Doc. 29) is therefore **denied**.

II.     **Defendant's Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Doc. 55)**

Defendant's Motion requests a pretrial ruling on the admissibility of defendant's prior convictions for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence.[2] The Motion is premised on the fact that defense counsel anticipates that defendant will take the stand in his forthcoming trial.  (Doc. 55 at 2).  The government has not opposed this Motion. However, at the pretrial conference of April 8, 2016, the parties informed the Court that they were in agreement that evidence of defendant's prior convictions would not be introduced unless the defendant opened the door to such evidence at trial.  This Motion is therefore **moot**.

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine to Exclude Statements Alleging Prior Domestic Abuse (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that defendant's Motion in Limine Excluding Prior Convictions for Impeachment Purposes (Doc. 55) is **moot**.

**SO ORDERED** this 8th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] At the motions hearing on November 5, 2015, the Court granted defendant's unopposed Motion to Exclude Prior Convictions (Doc. 27).  (Doc. 41).