UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-CR-154-JED |
| v. | ) |
| | ) |
| THOMAS MONGRAIN EAVES, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration the government's Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 404(b) ("Notice of Intent") (Doc. 32) and the government's Supplement to its Notice of Intent ("Supplemental Notice of Intent") (Doc. 49), which defendant has opposed (Doc. 54). The Court has reviewed the parties' filings, the arguments advanced at the April 8, 2016 hearing, and the governing law and facts.

**BACKGROUND**

Starr Pennington ("Pennington") was pronounced dead on August 25, 2015 at 2:52 a.m. by Doctor Amberson. The medical examiner, Doctor Arboe, found that Pennington died of blunt force trauma to the head which caused traumatic brain injury. There was one injury to the left side of her head that was at least one month old. Another injury on the left side of her head was between twelve to twenty-four hours old, and less than three days old. Doctor Arboe found a hemorrhage of the brain that was at least four hours old and less than twenty-four hours old. Doctor Arboe further determined that Pennington had five broken ribs on her left side from a previous injury and two broken ribs on her right side, which was determined to be a recent injury.

Law enforcement officers observed numerous bruises on her body, specifically on her legs, abdomen, back, arms, hand, neck, and head. The officers further observed severe swelling on her left hand and fingers, as well as red marks around both her wrists.

Defendant is charged with two counts of homicide in Pennington's death: second degree murder and voluntary manslaughter.

## ANALYSIS

In its Notice of Intent and Supplemental Notice of Intent (Docs. 32 and 49), the government has provided notice that it intends to introduce evidence of prior incidents of domestic violence by defendant against Pennington. Specifically, the government seeks to introduce such evidence because it argues it is intrinsic to the murder charge, or in the alternative, because the evidence establishes motive, intent, absence of mistake, and lack of accident and is therefore admissible under Fed. R. Evid. 404(b) (Doc. 32 at 2). The evidence the government seeks to admit includes: medical reports from six different medical visits from November 2013 through April 2015 containing statements made by Pennington to medical providers; testimony from witnesses who regularly saw bruises on Pennington who will opine on the cause of the bruising; testimony from Joseph Eaves that he witnessed an assault and observed bruising on Pennington; and testimony from Angel Hendrick that she overheard defendant assault Pennington and say vulgar things to her while she was on the phone with Pennington.[1]

Defendant objects to the introduction of the above evidence and argues that it is not intrinsic evidence but rather amounts to propensity evidence, which is prohibited by Fed. R. Evid. 404(b)(1). (Doc. 54 at 3). Defendant requests that the Court require the government to instruct each of its witnesses not to mention the prior domestic abuse. (Doc. 54 at 6).

---

[1] This is based on the government's representation at the April 8, 2016 pretrial conference regarding the evidence it seeks to introduce.

I.      **Intrinsic Evidence**

The government argues that all of the evidence it seeks to introduce is intrinsic to the charged offenses of second degree murder and voluntary manslaughter. (Doc. 49 at 2). In its Supplemental Notice of Intent, the government specifically argues that testimony regarding defendant's assault on Pennington on August 22, 2015 is intrinsic to the murder.[2] (*Id.*). Defendant responds that none of the evidence is intrinsic and should be excluded. (Doc. 54 at 1-2).

Evidence of other acts is not subject to the limitations of Rule 404(b) where it is "direct or intrinsic" to the offense charged. *United States v. Lambert*, 995 F.2d 1006, 1007 (10th Cir. 1993). "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *Id.*; *see also United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994) (intrinsic evidence is "inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act" (internal quotations omitted)). Generally speaking, "[i]ntrinsic evidence is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (determining evidence was intrinsic where it was "not merely contextual," but "supported elements of the charged crimes").

---

[2] At the April 8, 2016 pretrial conference, the government informed the Court that it no longer intends to introduce this evidence.

Second degree murder requires malice aforethought, which "is satisfied by: (1) intent-to-kill without the added ingredients of premeditation and deliberation; (2) intent to do serious bodily injury; (3) a depraved-heart; or (4) commission of a felony when the crime does not fall under the first-degree murder paragraph of §1111(a)." *United States v. Pearson*, 203 F.3d 1243, 1271 (10th Cir. 2000). "Voluntary manslaughter requires proof beyond a reasonable doubt that the defendant acted, while in the heat of passion or upon a sudden quarrel, with a mental state that would otherwise constitute second degree murder—either a general intent to kill, intent to do serious bodily injury, or with depraved heart recklessness." *United States v. Serawop*, 410 F.3d 656, 666 (10th Cir. 2005).

As a preliminary matter, the Court notes that the government's Supplemental Notice of Intent provides the Court with no authority, or even argument at the pretrial conference, to show that the domestic violence evidence at issue is intrinsic. At the April 8, 2016 pretrial conference, the government conceded that the evidence it sought to introduce generally could not be considered intrinsic. Accordingly, the Court finds that none of the government's proffered evidence regarding domestic violence is intrinsic to the crimes of second degree murder or voluntary manslaughter. While evidence of domestic abuse may well provide the jury with context regarding the relationship between defendant and Pennington, it is not clear at this juncture how the various allegations of abuse might directly connect to proving the elements of the charged crimes on the day defendant is alleged to have killed Pennington. Importantly, a jury could find defendant guilty of the alleged criminal act without mention of the prior incidents of alleged abuse, and a witness's testimony regarding the charged event would not be "confusing and incomplete" without mention of the domestic abuse. *See Johnson*, 42 F.3d at 1316. Thus, it is clear that the alleged acts of domestic abuse are not "necessary preliminaries" to the crime

charged. *See Lambert*, 995 F.2d at 1007. Moreover, it would be far-fetched to suggest that incidents of alleged abuse spanning a two-year period could constitute part of a single criminal episode. Rather, the evidence the government seeks to admit are acts outside the temporal scope of the charged offense.

In sum, the Court holds that evidence of defendant's prior domestic abuse of Pennington is not intrinsic to the charged offenses and the Court will review its admissibility under the rubric of Rule 404(b).

**II.     Prior Acts Evidence under Fed. R. Evid. 404(b)**

Alternatively, the government argues that the domestic abuse evidence is admissible under Rule 404(b) to prove motive, intent, absence of mistake, and lack of accident. (Doc. 32 at 1). Defendant responds that the evidence is inadmissible under Rule 404(b) because it is not introduced for a proper purpose but rather amounts to propensity evidence. (Doc. 54 at 3).

Fed. R. Evid 404(b) governs the admissibility of evidence related to an individual's other crimes, wrongs, or acts. As a general rule, evidence of a crime, wrong, or act may not be used to show a criminal defendant's propensity, or in other words, "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible for the following limited purposes: to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2).

Even if a prior crime, wrong, or act falls under one of the above categories, it is not automatically admissible. Under Rule 404(b), the Court is to examine four factors in weighing admissibility: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and

5

(4) a limiting instruction is given if the defendant so requests." *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).  The government bears the burden of demonstrating admissibility of evidence under Rule 404(b). *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987).

### A. Proper Purpose

Under the first *Huddleston* factor, the Court must addresses whether the government's asserted purposes for introducing the evidence—absence of mistake, lack of accident, intent, and motive—are proper.

#### 1. Absence of mistake and lack of accident

The government seeks to introduce evidence of domestic abuse to establish defendant's absence of mistake and lack of accident.  For example, the government states that it anticipates defense counsel will argue that the fatal injury to Pennington's head and the other various injuries revealed by the autopsy were the result of accidental falls. (Doc. 32 at 1).  In response, defendant notes that he has not raised the defenses of mistake or accident and therefore these purposes are not proper.  (Doc. 54 at 4).

Evidence is offered for a proper purpose under Rule 404(b) where the purpose is actually relevant to the case.  *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (finding absence of mistake or accident to be proper purposes in assessing evidence of defendant's prior conviction for felon in possession under Rule 404(b) because defendant denied that he "knowingly" possessed a firearm); *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983) (defendant's prior batteries of deceased wife were admissible in homicide case to establish the absence of an accident where defendant claimed that he accidentally shot her).

The Court agrees with defendant, as neither absence of mistake or lack of accident have been raised by the defendant. Accordingly, the Court finds that neither the absence of mistake or lack of accident are proper purposes at this time.

### 2. Motive and intent

The government argues that introduction of the domestic abuse evidence to establish intent is proper because intent is an element of the case and is therefore at issue. (*See* Doc. 32 at 3). Defendant responds that because defendant's alleged prior acts of domestic abuse "did not require malice aforethought or intent to commit murder," they cannot be admitted for the limited purpose of showing defendant's intent. (Doc. 54 at 4). The Court does not find defendant's argument persuasive. As noted previously, both second degree murder and voluntary manslaughter require proof of intent. Where intent is an essential element of the crime charged, it is a proper purpose under Fed. R. Evid. 404(b). *See United States v. Shumway*, 112 F.3d 1413, 1421 (10th Cir. 1997). The Court thus finds intent is a proper purpose in the present case.

Relatedly, the government contends that the evidence should be admitted to establish defendant's motive, even though motive is not an element of the charged offenses. (Doc. 32 at 3). The government relies on *United States v. Williston*, 2015 WL 2372503, at *3 (E.D. Okla. May 18, 2015), where the district court cited *United States v. Hope*, 608 F. App'x 831, 839 (11th Cir. 2015) for the following proposition: "'Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.'"

In response, defendant argues that the government's use of the alleged domestic abuse evidence can only be used as propensity evidence, as the government's argument is essentially

that defendant "abused her once, so therefore he abused her again." (Doc. 54 at 4). The Court agrees with the government and finds that motive is relevant to the present case and therefore a proper purpose. *See United States v. Santistevan,* 39 F.3d 250, 255 n.7 (10th Cir. 1994) (noting that while motive "unlike *mens rea,* is not an essential element of a criminal offense," it "is an explanation that may tend to make a party's theory of the case seem more plausible or understandable"); *Williston*, 2015 WL 2372503, at *3.

Nonetheless, the Court is persuaded by defendant's reliance on *United States v. Commanche*, 577 F.3d 1261 (10th Cir. 2009). In *Commanche*, the defendant was charged with two counts of assault for using a box cutter to inflict injury on two individuals and claimed self-defense. *Id.* at 1263.  Before trial, the government sought to introduce evidence of the defendant's two prior convictions for aggravated battery, both of which involved the use of a sharp object, one specifically identified as a box cutter. *Id.* at 1264. The government asserted that the evidence of "'very similar' incidents would not be used to suggest that [the defendant] had a propensity for violence." *Id.*  The district court rejected the defendant's argument that the evidence would merely show the defendant's propensity to commit a particular act and allowed the evidence. *Id.* On appeal, the Tenth Circuit held that the district court erred in admitting the evidence under Fed. R. Evid. 404(b), stating that prior bad acts evidence must be excluded even if it bears on a permissible purpose "if a jury first concludes that the defendant likely acted in conformity with a particular character trait." *Id.* at 1266. Because the jury was required to conclude that defendant was violent before it could conclude he did not act in self-defense, the evidence was improperly admitted. *Id.* at 1269.

The same is true here.  It is clear that a jury could use evidence of defendant's prior domestic abuse of Pennington to conclude that defendant had the requisite intent to cause serious

8

bodily harm to Pennington, or that he had the motive to do so, but only if it *first* concluded that defendant had a propensity for committing violence against Pennington and that the alleged murder was such an incident. As the permissible purposes in this case are not "logically independent from the impermissible purpose of demonstrating conformity with a character trait," the prior domestic abuse evidence is inadmissible.[3] *See Commanche*, 577 F.3d at 1266.

Further, the Court is persuaded by the fact that at the April 8, 2016 pretrial hearing, the government did not satisfy its burden to articulate a permissible use of the domestic abuse evidence that does *not* require an impermissible propensity inference. *See United States v. Lawrence*, 2010 WL 1875647, at *4 (W.D. Okla. May 10, 2010) (concluding that evidence of defendant's past conduct was inadmissible under Rule 404(b) after noting government's failure to satisfy its burden under *Commanche*).

The Court notes that its ruling is not inconsistent with the Tenth Circuit's holding in *United States v. Naranjo*, 710 F.2d 1465 (10th Cir. 1983).[4] In *Naranjo*, the district court allowed evidence of the defendant's prior batteries of the deceased victim, even though he was accused of shooting and killing her, based on its finding that the "earlier beatings were plainly connected to the crime charged." *Id.* at 1468. The Tenth Circuit affirmed the district court, holding that a defendant's "pattern of abuse" toward the victim he was charged with killing was "directly probative of the intent required to be proved beyond a reasonable doubt before defendant could be convicted on the charge of second-degree murder." While intent is a permissible purpose

---

[3] In *Commanche*, the court introduced a hypothetical involving a defendant accused of murdering his wife using his car. 577 F.3d at 1266. The defendant claimed mistake. *Id.* The court stated that if the "defendant is to be convicted of murder, it must be based on his allegedly murderous act and not his bad character." *Id.* at 1267.

[4] *Naranjo* was decided in 1983. In *Commanche*, a 2009 case, the Tenth Circuit underscored the need to clarify the permissible purposes of allowing 404(b) evidence as compared to the impermissible purpose of using such evidence to demonstrate conformity. 577 F.3d at 1266.

here, as in *Naranjo*, there is no question that "the jury must necessarily use [the evidence] for an impermissible purpose (conformity) *before* it can reflect on a permissible purpose (intent)." *Commanche*, 577 F.3d at 1263 (italics added). The evidence of prior domestic abuse is therefore not admissible here.[5]

## CONCLUSION

For the reasons stated, the Court concludes that defendant's objection to the government's intended use of evidence of his prior acts of domestic violence toward Pennington is sustained. Hence, the government shall instruct each of its witnesses not to mention the prior domestic abuse.

**IT IS SO ORDERED** this 11th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that evidence of prior domestic abuse may become otherwise relevant and admissible at trial.